UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAUTILUS INSURANCE COMPANY,

    Plaintiff,

v.                                    CASE NO:

DOUGH BROS., LLC, and
DOUGLAS SHEPHARD,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

NAUTILUS INSURANCE COMPANY ("Nautilus") files suit against DOUGH BROS., LLC ("Dough Bros") and DOUGLAS SHEPHARD, and in support alleges:

## NATURE OF THE ACTION

1. This is an action for declaratory relief under 28 U.S.C. § 2201 to determine there is no coverage for the beating and violent attack by an intoxicated patron at a bar under a commercial general liability policy that includes an absolute Assault and Battery Exclusion, among others.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

3. Venue is proper in this district because the attack occurred in this district, the underlying lawsuit that is at issue is pending in this district, the insurance policy was issued in this district, and, otherwise, a "substantial part of the events … giving rise to the claim occurred in this district." *See* 28 U.S.C. § 1391(b)(1).

4. All conditions precedent occurred, were performed or were waived.

**THE PARTIES**

5. Nautilus is an Arizona corporation with its principal place of business in Arizona. Nautilus is accordingly a citizen of Arizona. For purposes of this action, Nautilus is a surplus lines insurer that issued a commercial general liability policy to Dough Bros as the Named Insured.

6. Dough Bros is a limited liability company organized under the laws of Florida. Dough Bros's members are William Karns and Richard McCanna. Karns is an individual domiciled in Pinellas County, Florida. McCanna is an individual domiciled in Pinellas County, Florida. Dough Bros is accordingly a citizen of Florida.

7. Douglas Shephard is an individual domiciled in Pinellas County, Florida. Shephard is accordingly a citizen of Florida.

## THE ATTACK

8. On 05/19/2022, Shephard filed suit against Saltwater Hippie, LLC and others in the circuit court in and for Pinellas County, Florida in a case styled *Douglas Shephard v. Saltwater Hippie, LLC, et al.*, Case Number 2022-002386-CI. (*See* Underlying Complaint, which is attached as Exhibit "A.")

9. On 08/15/2022, Shephard filed a first amended complaint to replace Saltwater Hippie, LLC with Dough Bros as a defendant.

10. On 10/23/2023, Shephard filed a second amended complaint.

11. In his second amended complaint, Shephard alleges that on 03/11/2022, Gary Radke "attacked [him] at the bar located at 15042 Madeira Way" in Madeira Beach, Florida. (*Id.* at ¶¶7–8.)

12. Radke was "asked to leave the establishment several times throughout the evening because he was intoxicated." (*Id.* at ¶9.)

13. Radke "then attacked [Shephard]" and "[Shephard] fell hitting his head on the concrete wall." (*Id.* at ¶¶13–14.)

14. Shephard "lost consciousness due to the unprovoked attack by [Radke]." (*Id.* at ¶15.)

15. Shephard alleges Dough Bros "negligently and carelessly maintained its premises, resulting in the beating of [Shepard] who was attacked on [Dough Bros'] premises." (*Id.* at ¶16.)

16. Dough Bros allegedly "allowed a dangerous condition to be created, to wit: allowing [Shephard] to be attacked on the premises." (*Id.* at ¶19.)

17. Dough Bros "failed to provide adequate security, thereby allowing [Shephard] to suffer serious injuries as a result of a being rendered unconscious by [Radke]." (*Id.* at ¶28.)

18. Dough Bros "failed to warn invitees of the likelihood of physical harm caused by the intentional criminal or harmful acts of third persons." (*Id.* at ¶33.)

19. On 12/12/2025, a jury returned a verdict for Shephard and awarded him $12,475,000. The jury allocated $4,990,000 against Dough Bros.

## THE NAUTILUS POLICY

20. Dough Bros applied for and purchased a surplus lines commercial general liability policy from Nautilus as the Named Insured, bearing Policy Number NN1248430, and effective from 03/27/2021 to 03/27/2022. (*See* Nautilus Policy, which is attached as Exhibit "B.")

21. Before the policy was issued and delivered to Dough Bros by Nautilus, all the forms and endorsements were disclosed to Dough Bros in a Quote.

22. Before the policy was issued and delivered to Dough Bros by Nautilus, all the forms and endorsements were disclosed to Dough Bros in a Binder.

23. Dough Bros accepted all the terms and conditions that were proposed in the Quote and the Binder and accepted all the terms of the Nautilus policy.

## COUNT I – THERE IS NO COVERAGE UNDER THE ABSOLUTE ASSAULT AND BATTERY EXCLUSION

24. Nautilus incorporates paragraphs 1 through 23.

25. The policy includes this endorsement:

### EXCLUSION – ALL ASSAULT OR BATTERY …

This insurance does not apply to "bodily injury," "property damage," "personal and advertising injury" or medical payments arising out of any actual or alleged:

1. "Assault" or "battery" caused, directly or indirectly, by you, any insured, any person, any entity, or by any means whatsoever; or

2. Failure to suppress or prevent "assault" or "battery" by you, any insured, any person, any entity, or by any means whatsoever; or

3. Failure to provide an environment secure from "assault" or "battery"; or

4. Failure to warn of the dangers of the environment which could contribute to "assault" or "battery"; or …

This exclusion applies:

1. Whether or not any claimed damages occurred at any premises owned or occupied by any insured;

2. To all causes of action arising out of any "assault" or "battery" including, but not limited to, allegations of negligent hiring,

placement, training, or supervision, or to any act, error, or omission relating to such "assault" or "battery";

    **3.** To any claims or "suits" brought by any other person, firm or organization asserting rights derived from, contingent upon, or arising out of any "assault" or "battery" and specifically excludes from coverage claims or "suits" for:

        **a.** Emotional distress or for loss of society, services, consortium or income; or

        **b.** Reimbursement for expenses including, but not limited to, medical expenses, hospital expenses, or wages, paid or incurred, by such other person, firm or organization; or

        **c.** Any obligation to share damages with or repay someone who must pay damages because of injury. …

**C.** We will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any "assault" or "battery".

**D.** The following definitions are **added** to **Section V - Definitions**:

    **1.** "Assault" includes but is not limited to sexual assault, physical, written or oral abuse, sexual abuse, human or sex trafficking, intimidation, or any threatened harmful or offensive contact between two or more persons creating an apprehension in a person of immediate or imminent harmful or offensive contact; or an attempt to commit a "battery".

    **2.** "Battery" includes but is not limited to physical abuse, sexual abuse, sexual battery, sexual molestation, hazing, physical altercation; or any harmful or offensive contact to any person, whether direct or indirect, and regardless of intent.

(*See* Ex. B. at Form L210 (12/19), Pgs. 1–2.)

26. On 03/11/2022, Shephard was violently attacked by another patron at the bar who was asked to leave.

27. Shephard sued Dough Bros over the attack and obtained a verdict against Dough Bros.

28. Based on the policy's absolute Assault and Battery Exclusion, Nautilus accordingly has no duty to defend or pay damages on behalf of Dough Bros.

## COUNT II – THERE IS NO COVERAGE UNDER THE TOTAL LIQUOR LIABILITY EXCLUSION

29. Nautilus incorporates paragraphs 1 through 23.

30. The policy includes this endorsement:

### EXCLUSION – TOTAL LIQUOR LIABILITY …

This insurance does not apply to:

**c. Liquor Liability**

"Bodily injury" or "property damage" for which any insured or his indemnitee may be held liable by reason of:

1. Causing or contributing to the intoxication of any person, including causing or contributing to the intoxication of any person because alcoholic beverages were permitted to be brought onto your premises for consumption on your premises;

2. The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol;

3. Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

> This exclusion applies even if the claims against any insured or his indemnitee allege negligence or other wrongdoing in:
>
> a. The supervision, hiring, employment, training or monitoring of others by that insured; …
>
> if the "occurrence" which caused the "bodily injury" or "property damage" involved that which is described in Paragraph (1), (2) or (3) above.

(*See* Ex. B. at Form S009 (04/16), Pg. 1.)

31. On 03/11/2022, Shephard was attacked by Radke, an "extremely intoxicated" patron who was asked to leave the bar because he had drank too much.

32. Shephard sued Dough Bros over the violent attack.

33. Based on the policy's Total Liquor Liability Exclusion, Nautilus accordingly has no duty to defend or pay damages on behalf of Dough Bros.

## **COUNT III – LATE NOTICE**

34. Nautilus incorporates paragraphs 1 through 23.

35. The Nautilus policy contains a "Duties In The Event Of Occurrence, Offense, Claim Or Suit" section. In pertinent part, it provides:

> **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** …
>
> **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
> a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. …
>
> b. If a claim is made or "suit" is brought against any insured, you must:

  **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

  **(2)** Notify us as soon as practicable.

 You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

 **c.** You and any other involved insured must:

  **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit"; …

  **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; …

(*See* Ex. B. at Form CG 00 01 04 13, Pg. 35.)

  36. Dough Bros had a duty to notify Nautilus of any pleading that Dough Bros expected Nautilus to provide coverage for.

  37. On 10/23/2023, Shephard filed a second amended complaint, which was the operative pleading that informed the verdict against Dough Bros that Dough Bros is now asking Nautilus to pay.

  38. Dough Bros failed to timely notify Nautilus of the second amended complaint.

39. The first time Dough Bros notified Nautilus of the second amended complaint was on 12/03/2025, which was two business days before trial was set to commence.

40. Nautilus received the second amended complaint when the action was 25 months old, the parties participated in mediation, the docket contained 215 other entries, motions were filed, experts were hired, hearings were held, settlement offers were made, critical litigation deadlines expired, and the trial was set to commence on 12/08/2025.

41. Nautilus was prejudiced by the late notice. Nautilus was deprived of any opportunity to review the allegations and consider appointing counsel.

42. Nautilus accordingly has no duty to indemnify Dough Bros for the ensuing verdict that was based on the second amended complaint.

### RELIEF REQUESTED

Nautilus respectfully requests that the Court:

a) Take jurisdiction and adjudicate the rights of the parties under the policy.

b) Declare the following:

   i. Nautilus has no duty defend or indemnify Dough Bros under the policy's Absolute Assault and Battery Exclusion.

   ii. Nautilus has no duty to defend or indemnify Dough Bros under the policy's Total Liquor Liability Exclusion.

        iii.    Nautilus has no duty to defend or indemnify Dough Bros based on late notice.

c)    Award Nautilus all costs to prosecute this action.

d)    Award Nautilus and all other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ DANIEL TRINCADO
**SINA BAHADORAN**
Florida Bar No. 523364
sina.bahadoran@clydeco.us
**AARON WARREN**
Florida Bar No. 96162
aaron.warren@clydeco.us
**DANIEL TRINCADO**
Florida Bar No. 1034537
daniel.trincado@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
T: 305.446.2646